-PS/CD-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

FREDERICK YOUNG, 97986-004

    Petitioner,

    -v-                                    DECISION AND ORDER
                                                                12-CV-6164P

UNITED STATES OF AMERICA
WESTERN DISTRICT OF NEW YORK,

    Respondent.

---



       Petitioner Young has brought this petition pursuant to 28 U.S.C. § 2241 *pro se* to challenge his detention at the Metropolitan Correctional Center in Manhattan. The Court has *sua sponte* determined that it lacks jurisdiction to entertain the petition in light of *Rumsfeld v. Padilla.* In *Rumsfeld v. Padilla,* the Supreme Court announced the general rule that, "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 124 S.Ct. 2711, 2722 (2004). Jurisdiction is determined by the district of confinement "as of the time of filing of the petition." *Patel v. U.S. Att'y Gen.,* 334 F.3d 1259, 1263 (11th Cir.2003). At the time of filing, petitioner was confined in Manhattan, within the territorial jurisdiction of the Southern District of New York. As this Court lacks jurisdiction over the matter, it must be dismissed or transferred to a court in which there is jurisdiction.

       When a civil action is filed in a district court that lacks jurisdiction, that court "shall" transfer such action to "any other such court in which the action ... could have been brought *at the time it was filed or noticed* " if the court determines that a transfer would be "in the interest of justice." 28

U.S.C. § 1631 (emphasis added). Finding that a transfer of the habeas petition would be in the interest of justice, the Court orders the petition to be transferred to the Southern District of New York.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED: April 12, 2012
Rochester, New York

2